UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JGMM REALTY, L.L.C.,

      Plaintiff,

Case No. 16-10633

Honorable John Corbett O'Meara

v.

LNR PARTNERS, L.L.C., et al.,

      Defendants.

_____/

### ORDER DENYING PLAINTIFF'S JUNE 30, 2016 AMENDED MOTION FOR LEAVE TO AMEND AND GRANTING DEFENDANTS' JUNE 3, 2016 MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

This matter came before the court on plaintiff JGMM Realty's June 20, 2016 motion for leave to file an amended complaint; its June 30, 2016 amended motion for leave to file an amended complaint; and Defendants' June 3, 2016 motion to dismiss and/or for summary judgment. The court entered an order June 22, 2016, noticing determination of Plaintiff's initial motion to amend without oral argument. Oral argument on Defendants' dispositive motion was heard July 28, 2016.

### BACKGROUND FACTS

Two notes, executed in July 2007 between Plaintiff and Lehman Brothers Holding, form the basis of this suit. Following several assignments, Defendants claim

they own the notes and that Plaintiff defaulted on them over two years ago. In an attempt to forestall a foreclosure sale scheduled for March 18, 2016, Plaintiff filed a motion for preliminary injunction, which this court subsequently denied. The foreclosure sale was held May 27, 2016; and defendant lender LBCMT was the successful bidder. Plaintiff has six months to redeem the property.

Plaintiff's amended complaint alleges the following causes of action: Count I, accounting; Count II, declaratory judgment; and Count III, injunction. Following denial of Plaintiff's motion for injunctive relief and the foreclosure sale, Count III is moot.

## LAW AND ANALYSIS

In Count II Plaintiff seeks declaratory relief, challenging various assignments of the loan documents. However, courts in this circuit have repeatedly held that those in Plaintiff's position lack standing to sue. Under Michigan law, it is well-established that an individual who is not a party to an assignment does not have standing to challenge the assignment. Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C. 717 F. Supp. 2d 724, 731 (E.D. Mich. 2010), aff'd, 399 Fed. App'x 97 (6th Cir. 2010). Here, as in Livonia Properties, the foreclosing party has produced ample documentation that it is in possession of the original notes

and all related allonges and has been properly assigned an interest in all relevant loan documents.

Although Plaintiff repeatedly claims it is fearful of the risk of being subjected to double liability for the loans, none of the parties involved in the assignments of the loan documents is disputing the validity of those documents. Therefore, Plaintiff's claims fail as a matter of law, just as the plaintiff's claims in Livonia Properties failed due to lack of standing.

Moreover, even if the court were to find that Plaintiff has standing to challenge the assignments, Defendants have demonstrated a clear, unbroken chain of title of the loan documents. See Brandon Cable v. Mortgage Elec. Registration Sys., 2012 U.S. Dist. LEXIS 87092, at *10-11 (E.D. Mich. June 22, 2012) ("Plaintiff's mere conjecture that he could at some point be subject to double liability is not sufficient to withstand a motion brought pursuant to Federal Rule of Civil Procedure 56."). Therefore, Defendants are entitled to judgment as a matter of law as to Count II.

Count I of Plaintiff's amended complaint seeking an accounting does not allege a "legally cognizable cause of action" and therefore cannot survive Defendants' motion to dismiss. Plaintiff cites no authority providing it with a right to inspect Defendants' books and records. Furthermore, Defendants' counsel has provided Plaintiff's counsel with a breakdown of the amount currently owed by Plaintiff.

3

Therefore, Defendants are entitled to judgment as a matter of law as to Count I as well.

Before filing a response to Defendants' motion to dismiss and/or for summary judgment, Plaintiff filed a motion for leave to amend the complaint and later filed an amended motion for leave to file an amended complaint. The motions, however, are devoid of any details regarding Plaintiff's alleged "further research" and "some newly-discovered evidence." Plaintiff's proposed, second amended complaint simply reiterates the same claims from its first amended complaint, all of which are premised on challenges to various assignments of the loan documents. The proposed, second amended complaint fails to differ from Plaintiff's amended complaint in any material respect.

A motion for leave to amend will be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

In this case the court finds an additional amendment to Plaintiff's amended complaint would be futile. Therefore, the court will deny Plaintiff's motion for leave to amend, as well as its amended motion for leave to amend.

## **ORDER**

It is hereby **ORDERED** that Plaintiff's June 20, 2016 motion for leave to amend, as well as Plaintiff's June 30, 2016 amended motion for leave to amend, is **DENIED.**

It is further **ORDERED** that Defendants' June 3, 2016 motion to dismiss and/or for summary judgment is **GRANTED.**


s/John Corbett O'Meara
United States District Judge

Date:  August 2, 2016


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 2, 2016, using the ECF system.


s/William Barkholz
Case Manager